UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No.

jaris Lending, LLC, a Delaware a limited liability company, as servicer for Blue Ridge Bank, N.A.

    Plaintiff,

Coreen Morgan, individually, Talk of the Town Group LLC d/b/a Talk of the Town Weddings, a dissolved Florida limited liability company, Talk of the Town Catering and Events Inc., a Florida corporation, and TLC Community Foundation Inc., a Florida corporation

    Defendants.
_____/

## COMPLAINT

Plaintiff jaris Lending, LLC ("Plaintiff"), as servicer for Blue Ridge Bank, N.A., by and through its undersigned counsel, files herewith its Complaint against Defendants Coreen Morgan, Talk of the Town Group d/b/a Talk of the Town Weddings ("Borrower"), Talk of the Town Catering and Events Inc., and TLC Community Foundation, Inc., (collectively "Defendants"), and states:

1. This is an action for damages as a result of Defendants' unlawful breach of a loan agreement and guaranty, unjust enrichment, and pursuit of a detinue.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, as Plaintiff seeks damages, exclusive of interest and attorney's fees, in excess of $75,000 and equitable relief, and the parties are completely diverse in citizenship.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in this District and 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this action occurred within this District.

## PARTIES

4. Plaintiff, jaris Lending LLC is the real party in interest in this action as the servicer of the loan (the "Servicer") for Blue Ridge Bank, N.A.

5. jaris Lending LLC, is a Delaware limited liability corporation, with its principal place of business at 1409 Chapin Ave, Burlingame CA. All members of jaris Lending LLC are citizens of California.

6. Coreen Morgan is a Florida resident of Tampa, Florida with a last known address at 30321 Southwell Lane Wesley Chapel, Florida 33543, and is otherwise *sui juris*.

7. Talk of the Town Group LLC d/b/a Talk of the Town Weddings is a Florida limited liability company, with a principal place of business at 6604 Harney Rd Suite B, Tampa FL 33610.[1]

8. Talk of the Town Catering and Events Inc. is a Florida company incorporated pursuant to the laws of Florida, with a principal place of business 6604 Harney Road Suite B Tampa, FL 33610.

9. TLC Community Foundation Inc. ("TLC") is a Florida company incorporated pursuant to the laws of Florida, with a principal place of business at 6604 Harney Road Suite B Tampa, FL 33610 (the same address as both Talk of the Town entity defendants).

10. Servicer has complied with all conditions precedent to the institution of this action, they have occurred, or they have been waived by all of the Defendants.

---

[1] Talk of the Town Group LLC was previously named Talk of the Town Tampa Bay Catering LLC and Talk of the Town Events and Catering LLC.

11. Servicer has retained the law firm of Holland & Knight LLP to represent it in this matter and is obligated to pay its counsel a reasonable fee, which is secured under and pursuant to Agreement.

## BACKGROUND AND FACTUAL ALLEGATIONS

12. On October 19, 2022, Defendant Talk of the Town Group (herein after "Borrower") entered into a Commercial Loan Agreement ("Agreement") with Blue Ridge Bank, N.A. (the "Lender"). A true and correct copy of the Agreement is attached hereto and incorporated as **Exhibit** "**A**."

13. jaris Funding, LLC, previously known as jaris Lending, LLC[2], is the authorized service provider on the Loan, (the "Servicer").

14. Coreen Morgan delivered to Lender the executed Agreement as beneficial owner and Guarantor ("Guarantor") accepting the terms of the Performance Guaranty (the "Guaranty") as defined therein.

15. Borrower and Guarantor are jointly and severally liable for the Loan.

16. Per the Agreement, Lender agreed to lend Borrower a loan amount of $133,700.00, plus a loan fee of $21,392.00, and daily payment card receipts replacement percentage at 17.5% percent (the "Loan").

---

[2] jaris Lending LLC assumed all of jaris Funding LLC's assets and liabilities, and therefore, shall be considered the same.

17. Borrower agreed to the terms permitting Servicer to initiate collection and enforcement of the Agreement on Lender's behalf. *See* Ex. A.

18. Borrower promised to pay the required minimum payment of $8,623.12 every 60 days for 540 days following the loan acceptance date on October 19, 2022. *See* Ex. A.

19. As of February 17, 2023, Borrower did not remit payment pursuant to the terms of the Agreement, and because of the missed payment defaulted on the Loan.

20. Upon default, Servicer is authorized at their sole and/or delegated discretion, to initiate automatic payments from Borrower's deposit account.

21. Guarantor's obligations are also due at the time of any default under the Agreement.

22. On January 12, 2023, Guaranty on behalf of Borrower filed an Article of Dissolution to dissolve the company and representing "that the [Borrower] was sold to TLC Community Foundation Inc."

23. Pursuant to the Agreement, Borrower's dissolution is a default.

24. On January 16, 2023, Steven Morgan – Guarantor's husband and authorized representative of Borrower – sent an e-mail correspondence to Servicer stating:

> On January 1st 2023 Talk of the Town Group LLC was sold to TLC Community Foundation Inc. In the sale we made [TLC] aware of all outstanding loans and balances. However we did not notify them all your contact information. At this time we would like to set up a payment plan to cover the outstanding balance of this account. Please send us what options are available. We look forward to working with you to pay off this account.

*See* E-mail, a true and correct copy attached hereto as **Exhibit "B"**.

25. In his attempt to resolve the overdue and outstanding balance of the Loan, Mr. Morgan acknowledges and admits that TLC Community Foundation Inc. has assumed all Borrower's assets and liability, including the balance of outstanding Loan under the Agreement.

26. Without notice to Lender or Servicer and in violation of the Agreement, which prohibited assignment of the Loan, in transparent effort to avoid its obligations, Borrower transferred all of its assets to a new entity, TLC Community Foundation Inc. Guarantor and her husband have a beneficial ownership in TLC Community Foundation Inc.

27. Under Section 16(i) of the Agreement, Borrower represented and warranted that:

6

> Borrowers receivables and right to such receivables (i) have not and will not be sold or assigned as of the Loan Acceptance Date and will not be sold or assigned until full repayment of Total Repayment Amount, and (ii) are not subject to any claims, charges, liens, restrictions, or security interests in which a third party is currently exercising rights in connection with such collateral.

Ex. A.

28. Borrower also represented and warranted under the Agreement that, it "will not sell, dispose, convey or otherwise transfer any of Borrower's business or assets (other than in the ordinary course of business)." *See* Ex. A, § 16(m).

29. At all relevant times, Guarantor was the Manager and Owner of the Borrower, Talk of the Town Group LLC. Guarantor is also the Secretary of TLC Community Foundation Inc., and the President of Talk of the Town Catering and Events Inc.

30. At all relevant times, Steven Morgan was an authorized representative of the Borrower, Talk of the Town Group LLC. Steven Morgan is also the President of TLC Community Foundation Inc., and the Chief Executive Officer of Talk of the Town Catering and Events Inc.

31. In short, Steven Morgan and Coreen Morgan serve as authorized representatives for each of the Defendants.

32. After several attempts to collect on the defaulted Loan, Mr. Morgan proposed a payment plan arrangement for $2,500.00 every two weeks for 22 payments starting in February 2023 through December 2023 with a balloon payment of the balance due on December 20, 2023 of $72,728.00.

33. In exchange for not immediately suing Borrower on its failure to pay the Loan under the Agreement, Servicer agreed put together a payment plan agreement for Borrower with certain payments due each month.

34. Thereafter, on February 1, 2023, Servicer provided to Steven Morgan a draft Work Around Agreement similar to the terms of the Agreement he proposed. A true and correct copy of the Work Around Agreement is attached hereto and incorporated as **Exhibit "C."**

35. Since providing the Work Around Agreement to Mr. Morgan, Servicer has contacted Borrower and Guarantor on several occasions, to no avail.

36. Borrower, Guarantor, and TLC have failed or refused to make timely payment of the principal and interest due under the Loan, and by its terms, the Loan is in default.

37. Pursuant to the terms of the Agreement, no notice is required prior to the filing of this lawsuit.

38. Borrower, Guarantor, and TLC have failed to cure the defaults.

39. Prior to filing this lawsuit, Servicer terminated the Agreement with Borrower, Guarantor, and TLC and accelerated all payments due under the Loan. *See* Termination Letter, a true and correct copy of which is attached as **Exhibit** "**D**." Borrower, Guarantor and TLC have failed to respond to the Termination Letter.

40. Accordingly, the entire outstanding balance of the Loan is immediately due and payable, together with the costs of this action and attorneys' fees.

41. To date, after giving Borrower credit for all sums which have been paid, a total principal sum of $127,728.18 (exclusive of accrued and unpaid interest and fees, advances, attorneys' fees, and costs) remains due pursuant to the Agreement.

42. Servicer has complied with all conditions precedent to the institution of this action, they have occurred, or they have been waived by the Defendants.

## COUNT I
### (Breach of Loan Agreement against Borrower and Guarantor)

43. Servicer adopts and realleges paragraphs 1 through 42 above, and incorporates the dame as though fully set forth herein.

44. Borrower has breached its obligations under the Agreement by, among other things, failing and refusing to pay all sums due and owing under the Agreement.

45. Borrower is in default under the Agreement for, among other things, failing to make timely payments of principal and interest due under the Agreement, dissolution of Borrower, breach of several representations and warranties, and failing to pay the fees, costs and expenses incurred by Servicer in enforcing its right under the Agreement.

46. As a direct and proximate result of Borrower's breach of the Agreement, Servicer has and continues to sustain damages.

47. By reason of the foregoing, Borrower is entitled to a judgment for the unpaid principal balance past due and owing, plus accrued and unpaid interest, late charges, attorneys' fees and costs, and any other expenses, costs, or fees which may be due and owing under the Agreement.

## COUNT II
### (Breach of Guaranty against Guarantor)

48. Servicer adopts and realleges paragraphs 1 through 42 above, and incorporates the dame as though fully set forth herein.

49. Guarantor has breached the Guaranty, among other things, failing to pay the Servicer the accelerated principal and interest due and failing to pay the frees, costs and expenses incurred by Servicer in enforcing its right under the the Agreement.

50. As a direct and proximate result of Guarantor's breach of the Guaranty, Servicer has sustained damages.

51. Servicer has performed all the terms and conditions required on its part to be performed under the Guaranty.

52. Pursuant to the Guaranty, Servicer is entitled to recover all attorneys' fees and expenses incurred by the Servicer in connection with the enforcement of its rights under the Guaranty, including, but not limited to, all reasonable attorneys' fees, expenses and costs incurred by Servicer in this litigation.

53. Based on the foregoing, Borrower is entitled to a judgment for unpaid principal balance past due and owing, plus accrued and unpaid interest, late charges, attorneys' fees and costs, and any other expenses, costs, or fees which may be due and owing under the Agreement.

## COUNT III
**(Detinue against all Defendants)**

54. Servicer adopts and realleges paragraphs 1 through 42 above, and incorporates the dame as though fully set forth herein.

55. The Loan is in default under the Agreement.

56. By the terms of the Agreement, Borrower granted a *continuing* first lien security interest, in property of the Borrower, wherever found, that Company now owns or shall acquire including "all tangible and intangible personal property of Company, including, all accounts, deposit accounts, chattel paper, documents, equipment, general intangibles, instruments, inventory, investment property (including certificated and uncertificated securities, securities accounts, securities entitlements, commodity contracts and commodity accounts), letter of credit rights, commercial tort claims and as-extracted collateral (as those terms are defined in Article 9 of the Uniform Commercial Code ("UCC") in effect from time-to-time in the Commonwealth of Virginia)…" (the "Collateral"). *See* Ex. A, § 10.

57. Upon information and belief, the Collateral (including but not limited to accounts receivable) is within the possession of (i) Borrower and/or (ii) TLC, including its directors and officers, which includes Guarantor and (iii) other entities similarly owned by the Borrow, including Talk of the Town Catering and Events Inc.

58. A detailed description of the Collateral is provided under Section 10 of the Agreement.

59. By reason of Borrower's and Guarantor's default under the terms of the Agreement, an outstanding balance of $127,728.18 (exclusive of accrued and unpaid interest and fees, advances, attorneys' fees, and costs) is due and owing on the Loan.

60. Servicer possesses a valid security interest in the Collateral and is entitled to judgment for immediate possession of the Collateral within the Defendants' custody.

61. Based on the foregoing, Servicer is entitled to a judgment awarding it the right to take possession of the Collateral, wherever located against Defendants, jointly and severally, in an amount to be determined at the time of trial, but not less than the money damages sustained by Plaintiff by reason of Defendants' possession of the Collateral.

## COUNT IV
**(Unjust Enrichment against all Defendants)**

62. Servicer adopts and realleges paragraphs 1 through 42 above, and incorporates the dame as though fully set forth herein.

63. Upon information and belief, Defendants have had use and possession of some or all of the Collateral without curing the default under the terms of the Agreement, at all relevant times.

64. Upon information and belief, Defendants have used some or all of the Collateral and has profited therefrom.

65. As such, a benefit has been conferred upon Defendants.

66. Defendants know the benefit and have voluntarily accepted and retained the conferred benefit and continue to accept and retain the benefit.

67. Given the foregoing, and the terms of the Agreement, the circumstances are such that it would be inequitable for the Defendants to retain any of the aforementioned benefits, including any income earned from its use and possession of the Collateral, without paying the value thereof to Plaintiff.

68. As a result, the Defendants have been unjustly enriched.

69. By reason of the foregoing, Plaintiff is entitled to a judgment against the Defendants in amount to be determined at the trial, but in excess of $75,000.00, exclusive of pre-judgment interest, costs and attorney's fees, but not less than the profits earned from Defendant's use and possession of the Collateral, plus interest, costs, and attorneys' fees.

**WHEREFORE**, Plaintiff respectfully requests relief as follows:

(i) Judgment in favor of jaris Lending LLC and against Defendants Coreen Morgan and Talk of the Town Group LLC, for damages in Count I (Breach of Contract) in an amount not less than $127,728.18, plus interest, late charges, attorneys' fees, costs and any other amount due under the Agreement;

(ii) Judgment in favor of jaris Lending LLC and against Defendant Coreen Morgan under Count II (Breach of Guaranty) in an amount not less than $127,728.18, plus interest, late charges, attorneys' fees, costs and any other amount due under the Agreement;

(iii) Judgment in favor of jaris Lending LLC and against Defendants Coreen Morgan, Talk of the Town Group LLC, Talk of the Town Catering and Events Inc., and TLC Community Foundation Inc., jointly and severally, in Count III (Detinue) for immediate possession of the Collateral wherever located and damages in amount to be determined at the trial, but not less than the money damages sustain by reason of Defendants possession of the Collateral;

(iv) Judgment in favor of jaris Lending LLC and against Defendants Coreen Morgan, Talk of the Town Group LLC, Talk of the Town Catering and Events Inc., and TLC Community Foundation Inc. under Count IV (Unjust Enrichment), in an amount to be determined at trial, but in excess of $75,000.00, exclusive of pre-judgment interest, costs and attorneys' fees, but not less than the profits earned from Defendants use and possession of the Collateral, plus interest, costs and attorneys' fees;

(v) For costs of bringing this action against Defendants; and

(v) For such other and further relief as the Court deems just and proper.

Dated: May 26, 2023.                    Respectfully submitted,

                                        HOLLAND & KNIGHT LLP
                                        Counsel for Bart Weiner
                                        701 Brickell Avenue, Suite 3300
                                        Miami, Florida 33131
                                        Telephone: (305) 374-8500
                                        Fax: (305) 789-7799

                                        By:  */s Cory Eichhorn*
                                        Cory W. Eichhorn
                                        Florida Bar No. 576761
                                        cory.eichhorn@hklaw.com
                                        Sydney B. Alexander
                                        Florida Bar No. 1019569
                                        sydney.alexander@hklaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via e-filing portal, on this 26th day of May, 2023.

                                        *s/ Cory Eichhorn*