## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

Case No. 8:23-cv-01181-CEH-SPF

jaris Lending, LLC, a Delaware a limited liability company, as servicer for Blue Ridge Bank, N.A.

    Plaintiff,

Coreen Morgan, individually, Talk of the Town Group LLC d/b/a Talk of the Town Weddings, a dissolved Florida limited liability company, Talk of the Town Catering and Events Inc., a Florida corporation, and  TLC Community Foundation Inc., a Florida corporation

    Defendants.
_____/

## PLAINTIFF JARIS LENDING, LLC'S MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT AFTER DEFAULT AND INCORPORATED MEMORANDUM OF LAW

Plaintiff jaris Lending, LLC ("Plaintiff" or "jaris"), as servicer for Blue Ridge Bank, N.A., by and through its undersigned counsel, pursuant to Fla. R. Civ. P. 55(b) and Local Rule 1.10(c) and 3.01(a), moves for final default judgment against Defendants Coreen Morgan, Talk of the Town Group LLC d/b/a Talk of the Town Weddings ("Talk of the Town"), and  TLC Community Foundation Inc., as to Count I (Breach of Loan Agreement), Count II (Breach of Guaranty), and Count IV (Unjust Enrichment) alleged in the Amended Complaint (ECF No. 8). In support thereof, Plaintiff states:

## INTRODUCTION

This is a straightforward case of defendants executing a commercial loan agreement, receiving funds under that agreement, and ultimately defaulting for failure to repay. This action arises out of a Commercial Loan Agreement (the "Loan") executed on October 19, 2022 by Coreen Morgan as owner and personal guaranty of Talk of the Town. There is no dispute that Defendants have failed to make the required payments under the Loan and are therefore in default. Plaintiff, jaris Lending LLC, brought this action as a result of the default and refusal to pay jaris the remaining balance due and owing under the Loan. Defendants have failed to and refuse to honor their payment obligation under the Loan. Moreover, Defendants failed to file a response to the Complaint, and therefore, raise no affirmative defenses for the Court's consideration. As a result, the Clerk entered a default against the Defendants and jaris is entitled to final default judgment. *See* ECF No. 22.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

1. On May 26, 2023, Plaintiff filed the Complaint against Defendants Coreen Morgan, Talk of the Town Group LLC d/b/a Talk of the Town Weddings, Talk of the Town Catering and Events Inc., and TLC Community Foundation Inc (the "Defendants"). *See* ECF No. 1.

2. On May 31, 2023, Plaintiff filed an Amended Complaint against the Defendants (hereinafter "Am. Compl."). *See* ECF No. 8.

3. On June 13, 2023, Defendants were served with a copy of the Summons and Amended Complaint.

4. Pursuant to Fed. R. Civ. P. 12(a)(1)(A)(i), Defendants response to the Amended Complaint was due on or before July 5, 2023.

5. On June 26, 2023, the Court received a letter via mail from Steven Morgan, who is neither a party to the action, an attorney of record for a party, nor seeking to intervene in this action. *See* ECF No. 12. The letter was mistakenly filed as an Answer to the Amended Complaint.

6. Shortly thereafter, on August 16, 2023, the Court entered an Order striking the letter from the record and provided Defendants an additional thirty (30) days to file an Answer that complies with the Federal Rules of Civil Procedure and Local Rules of the Middle District of Florida. *See* ECF No. 16.

7. Accordingly, given the Court's Order striking the subject letter, any previous response was a legal nullity and Defendants have "failed to plead or otherwise defend" the claims brought by Plaintiff within the meaning of Fed. R. Civ. P. 55(a).

8. On August 16, 2023, the Court also entered an endorsed order denying without prejudice Plaintiff's Motion for Summary Judgment as premature in light of the Court's Order granting an additional thirty (30) days for Defendants to file an Answer that complies with the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida. *See* ECF No. 17. Attached hereto as **Exhibit "A"** is the previously filed declaration of Giosue D'Esposito (ECF No. 14-1) in support of this Motion. *See* Ex. A, Declaration of Giosue D'Esposito (hereinafter, "D'Esposito Dec.").

9. Pursuant to the Court's Order, Defendants response was due on or before September 15, 2023.

10. On or before September 15, 2023, Defendants did not properly appear in this action, have not filed an answer, responsive pleading, or otherwise sought to defend the claims brought against them; nor have Defendants sought an extension of time to respond to the Amended Complaint.

11. On October 11, 2023, the Clerk of Court for the Middle District of Florida entered a default against all Defendants. *See* ECF No. 22.[1]

12. To date, Defendants have taken no action in this proceeding since the default was entered against them. By failing to respond to the Complaint and allowing a default to be entered, Defendants have admitted all of the well-pled allegations in the Amended Complaint.

13. Defendant's failure to respond to the Amended Complaint constitutes an admission of liability by Defendants.

14. Plaintiff has incurred damages set forth in the Amended Complaint and requests that the Court enter a Final Default Judgment in the amount of $127,728.18 in principal, and $440.92, for a post-judgment at a rate of six percent (6%), since the entry of the Clerk's default on October 11, 2023. *See* Va. Code Ann. § 6.2-302(A)-(B).

---

[1] Although the Clerk entered a default judgment against all Defendants in this action, jaris is only seeking a final default judgment against three of the defendants, Talk of the Town, Coreen Morgan, and TLC Community Foundation Inc.

15. Plaintiff is also entitled to attorneys' fees and costs incurred in pursuing this action, which are recoverable pursuant to Section 21 of the Loan. *See* D'Esposito Dec., ¶ 25. Per Local Rule 7.01(b), Plaintiff will file a supplemental motion to determine entitlement and reasonableness of attorneys' fees and to avoid any delay in recovery of the Loan.

16. All of the necessary elements of the causes of action have been pled, and final default judgment should be entered in favor of jaris as to Count I (Breach of Loan Agreement) against Talk of the Town and Coreen Morgan, Count II (Breach of Guaranty) against Coreen Morgan, and Count IV (Unjust Enrichment) against TLC Community Foundation Inc., as alleged in the Amended Complaint.

## MEMORANDUM OF LAW

Pursuant to Local Rule 3.01(a), jaris submits its Memorandum of Law in support of its motion for final default judgment. The Loan is governed by federal law pursuant to 12 USC § 1831d and the laws of the Commonwealth of Virginia applicable to a national bank located in Virginia. *See* Am. Compl., Ex. A, ¶ 22.

### A.   STANDARD OF REVIEW

Under Rule 55(b)(2) of the Federal Rules of Civil Procedure, "[a]fter receiving the clerk's default… the Court can enter a default judgment against the defendant for not appearing." *United States v. Cornwell*, 2020 U.S. Dist. LEXIS 23409, at *6, (M.D. Fla. Feb. 11, 2020). A defendant who defaults is deemed to have admitted all well-pleaded allegations of fact in a complaint. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (*quoting Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d

1200, 1206 (5th Cir. 1975)[2] (internal quotation marks omitted)). Complaints need not contain detailed factual allegations, but there must be "more than an unadorned, the defendant unlawfully harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Frazier v. Absolute Collection Service, Inc.*, 767 F. Supp. 2d 1354, 1362 (N.D. Ga. 2011) (considering declaration testimony, well-pleaded allegations in complaint, and reasonable inferences from such allegations to determine whether a plaintiff stated claims for relief). Under this standard, a final default judgment should be granted in favor of jaris. "[B]efore entering a default judgment for damages, the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought. *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) (emphasis included in the opinion).

As demonstrated below, (i) the Amended Complaint is well-pled as filed and legally admitted as true, (ii) sufficiently states a substantive cause of action which merits an award of damages for Count I (Breach of Loan Agreement) against Defendant Talk of the Town and Coreen Morgan, Count II (Breach of Guaranty) against Coreen Morgan, and Count IV (Unjust Enrichment) against TLC Community Foundation Inc., and (iii) there is a substantive and sufficient basis in the Amended Complaint and this Motion and accompanying exhibits for the relief sought herein.

---

[2] Decisions by the former Fifth Circuit issued before October 1, 1981, are binding precedent in the Eleventh Circuit. *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

## B.   BREACH OF LOAN AGREEMENT (COUNT I) AGAINST DEFENDANT TALK OF THE TOWN GROUP LLC AND COREEN MORGAN

The elements of a breach of contract action under Virginia law are (1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." *Filak v. George*, 267 Va. 612, 594 S.E.2d 610, 614 (2004) (citations omitted).[3] The Loan is attached as Exhibit A to the Amended Complaint and is incorporated therein. The Loan states, "[b]y signing this Agreement, you are agreeing to all of the terms and conditions in this Agreement on behalf of the Company and in your individual capacity as an Owner." *See* Am. Compl., Ex. A at 2. Therefore, the Amended Complaint sufficiently alleges that the Loan is a legally enforceable obligation between Talk of the Town, Coreen Morgan, and jaris, and Talk of the Town and Coreen Morgan are jointly and severally liable for the Loan. *See* Am. Compl., ¶¶ 12-15.

Plaintiff further alleges that Talk of the Town and Coreen Morgan are in default of the Loan for, among other things, failing to make timely payments of principal and interest due under the Loan, dissolution of Talk of the Town, breach of several

---

[3] The elements for breach of contract pursuant to Florida law are similar. Under Florida law, for a breach of contract claim, Plaintiff must plead and establish: "(1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009).

7

representations and warranties, and failing to pay the fees, costs, and expenses incurred by Plaintiff. *See* Am. Compl., ¶ 45.

As a result of the Defendants' breach, Plaintiff alleges that it has and continues to sustain damages. *See* Am. Compl., ¶ 46; *see also* D'Esposito Dec., ¶ 15; *Ass'n for Supervision & Curriculum Dev., Inc. v. Int'l Council for Educ. Reform & Dev., Inc.,* No. 1:10CV74, 2011 WL 1225750, at *6 (E.D. Va. Mar. 14, 2011) *(*finding plaintiff was monetarily damaged as a result of lack of payment and entitled summary judgment on breach of the promissory note).

Therefore, Plaintiff, jaris, has satisfied the elements of Count I for Breach of the Loan Agreement as to Talk of the Town and Coreen Morgan, and jaris' is therefore entitled to final default judgment in its favor.

### C. BREACH OF GUARANTY (COUNT II) AGAINST DEFENDANT COREEN MORGAN

Virginia courts have defined a guaranty as an independent contract by which the guarantor assumes the obligation to pay for a debt in the event that a primary obligor fails to pay. *McDonald v. Nat'l Enters., Inc.*, 547 S.E.2d 204, 207 (Va. 2001)(*quoting B.F. Goodrich Rubber Co., Inc. v. Fisch*, 141 Va. 261, 266 (1925)). To establish a claim for breach of guaranty, a plaintiff must allege "the existence and ownership of the guaranty contract, the terms of the primary obligation and default on that obligation by the debtor, and nonpayment of the amount due from the guarantor under the terms of the guaranty contract." *Id*.

The contract at issue here is the Loan which contains a "Performance Guaranty."

The Guaranty states that:

> Each Owner, as a guarantor hereunder, hereby unconditionally guarantees to Bank, each Owner's good faith, truthfulness, completeness of information and unconditional performance of all of the obligations, agreements, representations, warranties, covenants made by Owner in the Loan Agreement as each may be renewed, amended, extended, or otherwise modified, (the "Guaranteed Obligations"). Owner's obligations are due at the time of any Default under the Agreement.

Am. Compl., Ex. A, ¶ 19.

As alleged in the Amended Complaint, Coreen Morgan executed the Loan as beneficial owner and Guarantor accepting the terms of the Performance Guaranty. *See* Am. Compl., ¶ 14. In addition, as evidenced by Coreen Morgan signature, Ms. Morgan accepted the following obligation:

> By clicking the "Accept" button, you agree to the terms of and acknowledge receipt of a completed copy of this Agreement, which includes an arbitration provision, and the Performance Guaranty. You further understand and agree that by entering into this Agreement, you will be jointly and severally liable as a co-borrower with and guarantor of the Company for all amounts due under this Agreement and that by entering into the Performance Guaranty you will be liable personally for all amounts due under this Agreement and the performance of all of Company's obligations under this Agreement.

Am. Compl., Ex. A., ¶ 20.

The Amended Complaint alleges, and the declaration supports, that as of February 17, 2023, the Borrower failed to issue payment on the Loan, and therefore, defaulted. *See* D'Esposito Dec., ¶ 14. Upon default, Coreen Morgan's obligations under

the Guaranty are triggered, and as stated, she is personally liable for all amounts due under the Loan. *See* D'Esposito Dec., ¶ 20; *LBCMT 2007-C3 W. Broad St., LLC v. Sheppard*, No. 3:12-CV-295-JAG, 2013 WL 1908360, at *7 (E.D. Va. May 7, 2013) (granting plaintiff's motion for summary judgment as to breach of guaranty claim when breach was undisputed).

As such, Plaintiff has demonstrated that the allegations are well-pled and sufficient for entry of default final judgment in favor of jaris as to Count II of the Complaint.

### D.    UNJUST ENRICHMENT (COUNT IV) AGAINST DEFENDANT TLC COMMUNITY FOUNDATION INC.

In Florida, an unjust enrichment claim is in the nature of quasi-contract, and Florida courts look to the lex loci contractus when determining what law to apply. *See Trumpet Vine Invs., N.V. v. Union Capital Partners I, Inc.*, 92 F.3d 1110, 1119-20 (11th Cir. 1996) (citations omitted) (applying lex loci contractus for unjust enrichment claim); *David v. Am. Suzuki Motor Corp.*, 629 F. Supp. 2d 1309, 1316-17 (S.D. Fla. 2009) (citations omitted).[4] In the instant case, the last necessary act for the unjust enrichment claim occurred in Florida—the sale of Talk of the Town to TLC Community

---

[4] Even if the Court were to apply Virginia law, the elements for unjust enrichment are similar. To establish a claim of unjust enrichment, a claimant must satisfy three elements: "(1) a benefit conferred on the defendant by the plaintiff; (2) knowledge on the part of the defendant of the conferring of the benefit; and (3) acceptance or retention of the benefit by the defendant in circumstances that render it inequitable for the defendant to retain the benefit without paying for its value." *Centex Constr. v. Acstar Ins. Co.*, 448 F.Supp.2d 697, 707 (E.D.Va. 2006).

10

Foundation Inc. (a Florida corporation with its principal place of business in Florida) which wrongfully retained the benefit conferred.

Accordingly, Florida law applies to jaris' unjust enrichment claim. Under Florida law, the elements of an unjust enrichment claim are: "(1) the plaintiff has conferred a benefit on the defendant; (2) the defendant voluntarily accepted and retained that benefit; and (3) the circumstances are such that it would be inequitable for the defendant[] to retain it without paying the value thereof." *Virgilio v. Ryland Grp., Inc.*, 680 F.3d 1329, 1337 (11th Cir. 2012) (*citing Fla. Power Corp. v. City of Winter Park*, 887 So. 2d 1237, 1241 n.4 (Fla. 2004)).

By virtue of its default, TLC Community Inc. has admitted that it conferred a benefit of the Loan, and jaris received nothing of value from TLC Community Foundation Inc. in exchange for the benefit conferred. In addition, attached to the Amended Complaint as Exhibit B is a communication regarding the subject Loan which it states, "On January 1, 2023 Talk of the Town Group LLC was sold to TLC Community Foundation Inc. In the sale we made [TLC] aware of all outstanding loans and balances." *See* Am. Compl., Ex. B. Furthermore, the Articles of Dissolution filed on behalf of Talk of the Town on January 12, 2023 on sunbiz.org includes the following statement: "THE COMPANY WAS SOLD TO TLC COMMUNITY FOUNDATION INC." A true and correct copy of the Articles of Dissolution is attached hereto as **Exhibit "B"**.

In such circumstances, and absent any objection from TLC Community Foundation Inc., this is sufficient evidence to establish that the circumstances render

11

TLC Community Foundation Inc.'s retention of the benefit of the Loan inequitable. Accordingly, Plaintiff jaris has established TLC Community Foundation Inc.'s liability to jaris under a theory of unjust enrichment. Under Florida law, the measure of damages for unjust enrichment is the value of the benefit which accrued to the Defendant. *See also Am. Safety Ins. Serv., Inc. v. Griggs*, 959 So. 2d 322, 332 (Fla. 5th DCA 2007). The remaining balance of the Loan at the time of the sale was $127,728.18, and therefore, Plaintiff is entitled to default final judgment for amount of the benefit conferred against TLC Community Foundation Inc. for unjust enrichment.[5]

## CONCLUSION

In accordance with Rule 55(b)(2) of the Federal Rules of Civil Procedure, the foregoing confirms that jaris is entitled to default judgment in pursuing this action. The pleadings and papers filed in this action, including the Amended Complaint, all exhibits, and the entry of Clerk's Default, indicate that there is no genuine question of fact or issue of law that can be reasonably disputed, particularly where Defendants have filed no response to the Amended Complaint. To that end, Defendants can set forth no facts or dispute which would preclude the entry of default judgment in jaris' favor. Plaintiff has satisfied the requisite elements for breach of contract, breach of guaranty, and unjust enrichment against Talk of the Town Group LLC, Coreen

---

[5] To avoid any potential double recovery, Plaintiff asks that the final judgment for Count III against TLC Community Foundation Inc. be entered jointly and severally with Defendants Talk of the Town and Coreen Morgan for Counts I and II.

Morgan, and TLC Community Foundation, and therefore, final default judgment is appropriate. *See Alegra Motorsport, LLC v. Nano Pro Mt, LLC*, No. 8:22-cv-01325-CEH-SPF (M.D. Fla. February 13, 2023); *Patrick Stephenson v. Mountain Run Solutions, LLC, et al.*, No. 8:21-cv-2256-CEH-MRM, (M.D. Fla. March 17, 2023); *San-Way Farms, Inc. v. Sandifer Farms, LLC,* No. 8:20-cv-01969-CEH-CPT (M.D. Fla. March 21, 2022).

WHEREFORE, jaris respectfully requests that this Court enter an order granting final default judgment against Defendants Talk of the Town Group LLC, Coreen Morgan, and TLC Community Foundation Inc., jointly and severally, in the amount of $127,728.18, plus post judgment interest in the amount of $440.92, totaling $128,169.10, and grant all such other and further relief that this Court deems just and proper.

Dated: November 1, 2023.                                         Respectfully submitted,

HOLLAND & KNIGHT LLP
Counsel for Plaintiff
701 Brickell Avenue, Suite 3300
Miami, Florida 33131
Telephone: (305) 374-8500
Fax: (305) 789-7799

By:  */s Cory Eichhorn*
Cory W. Eichhorn
Florida Bar No. 576761
cory.eichhorn@hklaw.com
Sydney B. Alexander
Florida Bar No. 1019569
sydney.alexander@hklaw.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via e-filing portal, on this 1st day of November, 2023, and sent a copy to the mailing address for Defendants, 31114 BACLAN DRIVE, WESLEY CHAPEL, FL 33545.

*s/ Cory Eichhorn*