UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

jaris LENDING, LLC, a Delaware
limited liability company, as servicer
for Blue Ridge Bank, N.A.,

       Plaintiff,

v.                                                      Case No. 8:23-cv-1181-CEH-SPF

COREEN MORGAN, TALK OF THE
TOWN GROUP LLC d/b/a TALK
OF THE TOWN WEDDINGS,
a dissolved Florida limited liability company,
TALK OF THE TOWN CATERING
AND EVENTS INC., a Florida corporation,
and TLC COMMUNITY FOUNDATION
INC., a Florida corporation,

       Defendants.

_____/

## REPORT AND RECOMMENDATION[1]

Plaintiff jaris Lending, LLC's Motion on Entitlement to Attorney's Fees and Costs (Doc. 30) is before the Court. Defendants have not responded to the motion, and the time to do so has passed. The Court deems the motion unopposed and recommends it be granted in part and denied in part. *See* L.R. 3.01(c), M.D. Fla. (2024).

---

[1] In April 2024, the district judge adopted the undersigned's Report and Recommendation (Doc. 26) and granted Plaintiff's motion for default judgment against Defendants (Doc. 27). The Clerk of Court entered a default judgment in Plaintiff's favor for $127,728.20 (Doc. 28). This Report and Recommendation addresses Plaintiff's timely-filed motion for attorney's fees (*see* Doc. 30; L.R. 7.01, M.D. Fla. (2024)) and incorporates the background and findings from the undersigned's earlier Report and Recommendation.

## I.    BACKGROUND

Plaintiff jaris Lending, LLC ("jaris") is a loan servicer for Blue Ridge Bank, N.A. ("Blue Ridge") (Doc. 8 ("Amend. Cmplt.") at ¶ 4).  Defendant Talk of the Town Group LLC d/b/a Talk of the Town Weddings ("Talk of the Town") entered into a Commercial Loan Agreement ("Agreement") with Blue Ridge for $133,700.00 plus a $21,392.00 loan fee and daily payment card receipts replacement percentage at 17.5% (the "Loan") (*Id.* at ¶ 12, 16; Doc. 30-1).  Talk of the Town agreed to a minimum payment of $8,623.12 every 60 days for 540 days (Amend. Cmplt. at ¶ 18).  Talk of the Town received the Loan proceeds and authorized jaris to service the Loan for Blue Ridge (*Id.* at ¶ 17).[2]  Defendant Coreen Morgan (Talk of the Town's owner) agreed to the Loan's terms on her company's behalf and in her individual capacity and agreed to be jointly and severally liable under the Agreement (Doc. 30-1 at ¶ 7).  She also executed a Performance Guaranty under which she agreed to be personally liable for the Loan, with her obligations as guarantor due upon default (*Id.* at 10-11, ¶¶ 1-3).

Talk of the Town made payments totaling $27,363.80 but stopped making payments on December 4, 2023 (Doc. 23-1 ("Giosue D'Esposito Decl.") at ¶¶ 10-11).  On January 12, 2023, Coreen Morgan filed articles of dissolution for Talk of the Town with the Florida Secretary of State, stating the company "was sold to TLC Community Foundation Inc." (Amend. Cmplt. at ¶ 22; Doc. 23-2).  Steven Morgan (Coreen Morgan's husband) sent jaris an email:

> On January 1, 2023 Talk of the Town Group LLC was sold to TLC Community Foundation Inc.   In the sale we made [TLC] aware of all

---

[2] The Agreement refers to the loan servicer as jaris Funding LLC (Doc. 8-1 at 4).  Plaintiff explains that it assumed all jaris Funding LLC's assets and liabilities after the Agreement was executed (Doc. 30 at ¶ 13).

outstanding loans and balances . . . [W]e would like to set up a payment plan to cover the outstanding balance of this account.

(Doc. 8-2). Steven Morgan represented he is president of TLC Community Foundation, and Coreen Morgan is secretary (Amend. Cmplt. at ¶¶ 29-30).

Jaris's proposed revised repayment plan (Doc. 8-3) was met with silence (Amend. Cmplt. at ¶ 35). Talk of the Town did not make the required minimum loan payment by February 16, 2023, the end of the second 60-day period (D'Esposito Decl. at ¶ 12). Talk of the Town was in default with an outstanding Loan balance of $127,728.20 (*Id.* at ¶¶ 14-15). Jaris terminated the Loan with Talk of the Town and Morgan and accelerated all Loan payments (Doc. 8-4).

When neither party responded to jaris's termination letter, jaris sued, alleging breach of contract, breach of guaranty agreement, and unjust enrichment (against TLC Community Foundation) (Doc. 8). Defendants did not respond to Plaintiff's allegations, so jaris moved for a Clerk's default under Rule 55(a) (Doc. 21), which the Clerk entered (Doc. 22). Next, jaris moved for a default judgment against Defendants under Rule 55(b) (Doc. 23). Although the Agreement contained a provision that entitled jaris to its attorney's fees and costs in the event of breach, jaris stated its intent to "file a supplemental motion to determine entitlement and reasonableness of attorneys' fees [ ] to avoid any delay in recovery of the Loan." (*Id.* at 5).

After referring the default judgment motion to the undersigned, the district judge ultimately adopted the undersigned's Report and Recommendation (Doc. 26) and granted the motion (Doc. 27). On April 15, 2024, the Clerk entered a judgment for Plaintiff and against Defendants, jointly and severally, for $127,728.20 (Doc. 28). Then, under Local Rule 7.01,

Plaintiff timely moved for entitlement to attorney's fees and costs, which the district judge has referred to the undersigned (Doc. 30).

## II.    DISCUSSION

The Court enforced the Agreement's choice of law provision and applied Virginia law to Plaintiff's claims (*see* Docs. 26, 27). Under Virginia law, the Court found that Plaintiff is entitled to a default judgment against Talk of the Town and Coreen Morgan on its breach of contract claim, against Coreen Morgan on its breach of guaranty claim, and against TLC Community Foundation on its unjust enrichment claim (*Id.*).   The $127,728.20 default judgment against Defendants is joint and several (Doc. 28).

Now jaris seeks its costs and attorney's fees against all Defendants (Doc. 30).  Virginia law applies the so-called "American rule," under which attorney's fees are awarded to a prevailing party only when permitted by statute or contract.  *Hitachi Credit Am. Corp. v. Signet Bank*, 166 F.3d 614, 631 (4th Cir. 1999) (citing *Mullins v. Richlands Nat'l Bank*, 403 S.E.2d 334, 335 (Va. 1991)).  "[P]arties are free to draft and adopt contractual provisions shifting the responsibility for attorneys' fees to the losing party in a contract dispute."  *Ulloa v. QSP, Inc.*, 624 S.E.2d 43, 49 (Va. 2006).

Here, the fee-shifting provisions in the Agreement place the burden upon Talk of the Town and Coreen Morgan, as the non-prevailing parties, to pay jaris its reasonable attorney's fees and costs.  Section 14 of the Agreement obligates signatories Talk of the Town and Coreen Morgan to:

> . . . pay any collection, arbitration, court costs incurred by us, or other sums provided or allowed by law.  This includes, subject to any limits under applicable law, *attorney's fees and legal expenses* for bankruptcy proceedings, *civil actions*, arbitration proceedings, declaratory actions or other filings or proceedings, and efforts to modify or vacate any automatic stay or injunction, appeals, and any anticipated post-judgment collection services . . . .

(Doc. 30-1 at ¶ 14) (emphasis added).  Under Section 18, Talk of the Town and Coreen Morgan agreed to:

> . . . indemnify and hold harmless Bank and Jaris (and their respective employees, directors, agents, assigns, affiliates, and representatives) from and against any cost, loss or liability including interest, penalties, reasonable attorneys' fees, and expenses resulting from your misrepresentation or breach of warranty, Default, or breach of any covenant in this Agreement.  You will pay all reasonable costs associated with a breach by you of any of your obligations, covenants or any of your representations and warranties under this Agreement and the enforcement thereof.  These *"reasonable costs" include the costs, including attorney's fees, associated with* defending, protecting, or *enforcing the rights under this Agreement* including in any bankruptcy proceeding.

(*Id.* at ¶ 18) (emphasis added).

Additionally, Talk of the Town and Coreen Morgan are "jointly and severally liable to [jaris] for repayment . . . and all other amounts due under this Agreement." (*Id.* at ¶ 7).  And, if Plaintiff pursued collection efforts to obtain Loan repayment, they agreed to "pay all collection costs, including, but not limited to, court costs incurred in collection and reasonable attorney's fees incurred in the course of collecting any amounts owed under the Agreement." (*Id.* at ¶ 21).[3]

Defendant TLC Community Foundation, however, is not a party to either the Agreement or the Performance Guaranty.  Instead, the Court found TLC Community Foundation liable only as to Plaintiff's unjust enrichment claim.  Plaintiff did not allege the existence of a contractual provision between it and TLC Community Foundation regarding attorney's fees, nor did Plaintiff's claims arise from a statute providing for attorney's fees.

---

[3] These obligations also extend to Coreen Morgan by virtue of the Performance Guaranty (*Id.* at 10-11, ¶¶ 1-3).

Under these circumstances, attorney's fees are unavailable against TLC Community Foundation. *See Riley v. Barringer*, 337 F.Supp.3d 647, 656 (W.D. Va. 2018).

Jaris is entitled to a reasonable attorney's fees and costs award against Defendants Talk of the Town and Coreen Morgan under the Agreement's fee-shifting provisions. Additionally, under Rule 54(d)(1), the prevailing party is entitled to an award of costs incurred unless a federal statute, the Federal Rules of Civil Procedure, or a court provides otherwise. Here, no statute, rule, or court order prohibits jaris from recovering its costs from all Defendants.

### III.    CONCLUSION

It is **RECOMMENDED:**

1.    Plaintiff's Motion on Entitlement to Attorney's Fees and Costs (Doc. 30) be **GRANTED in part** and **DENIED in part**. Plaintiff is entitled to recover its reasonable attorney's fees and costs against Defendant Talk of the Town and Coreen Morgan, but not against Defendant TLC Community Foundation. Plaintiff is entitled to a costs award against all Defendants under Rule 54(d)(1); and

2.    Plaintiff be directed to file a supplemental motion on the amount of its fees and costs within 45 days of the Order adopting this Report and Recommendation. *See* L.R. 7.01(c), M.D. Fla. (2024).

**IT IS SO REPORTED** in Tampa, Florida, on August 14, 2024.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

**<u>NOTICE TO PARTIES</u>**

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so.  28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.  Failure of any party to timely object in accordance with the provisions of § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1.